# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DWAYNE CLINE NIMMONS,**

    **Plaintiff,**

**vs.**                                                                **CASE NO. 4:05cv243-MMP/AK**

**JAMES V. CROSBY, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated within the Florida Department of Corrections, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff submitted a motion for leave to proceed in forma pauperis, (doc. 2), but he is not entitled to proceed *in forma pauperis* because he has incurred at least three "strikes."

The Prison Litigation Reform Act of 1995 (PLRA), provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915 if:

> . . . the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had at least three prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. Case 4:01cv161 was filed on May 8, 2001, and was dismissed by United States District Judge Robert Hinkle for failing to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii) on June 5, 2001. Plaintiff then filed a notice of appeal of that dismissal and filed a motion to proceed *in forma pauperis* on appeal. (Doc. 10, case 4:01cv161). Judge Hinkle denied the motion as did the Eleventh Circuit Court of Appeals, and Plaintiff's appeal was dismissed as frivolous. (Docs. 23, 26 of case 4:01cv161). The dismissal of Plaintiff's appeal as frivolous counts as Plaintiff's second strike. Additionally, case 4:01cv01 was filed by Plaintiff on January 2, 2001, and dismissed by Senior United States District Judge Stafford for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on April 30, 2001. Such dismissals count as a "strike" under the PLRA. 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff filed another case, No: 4:03CV02, which was dismissed prior to his being granted ifp pursuant to 28 U.S.C. §1915(g). Finally, the undersigned recommended dismissal most recently on June 16, 2005, in Case No. 4:05CV170-MMP/AK, on grounds that Plaintiff failed to meet the three strike exception to 28 U.S.C. §1915(g).

The instant complaint has been reviewed enough to discern that Plaintiff does not allege he is in "imminent danger," as required by 28 U.S.C. § 1915(g). His complaint concerns access to the law library.

Because Plaintiff has had three prior dismissals which count as "strikes" and he is not under imminent danger of serious physical injury, this case must be dismissed. If

Plaintiff desires to once again bring this case, he must pay the Court's full $250.00 filing fee, in one lump sum, "at the time he initiates suit." <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321, 1324 (11th Cir. 2001). Plaintiff is not entitled to simply pay a filing fee after being denied leave to proceed in forma pauperis; the fee must be paid when submitting a complaint. <u>Dupree v. Palmer</u>, (11th Cir. 2002). Under clear direction from the Eleventh Circuit Court of Appeals, this case must be summarily dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** as Plaintiff is not entitled to bring this case without payment of the filing fee and he did not submit payment at the time he submitted his complaint.

**IN CHAMBERS** at Gainesville, Florida, this **28th** day of July, 2005.

s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:05cvv243-MMP/AK